No. 8. SCALES *v.* UNITED STATES. Certiorari, 358 U. S. 917, to the United States Court of Appeals for the Fourth Circuit, reported below, 260 F. 2d 21; and

No. 464. NOTO *v.* UNITED STATES. Certiorari, 361 U. S. 813, to the United States Court of Appeals for the Second Circuit, reported below, 262 F. 2d 501.

*Telford. Taylor* and *McNeill Smith* for petitioner in No. 8. *John J. Abt* for petitioner in No. 464.

*Solicitor General Rankin, Assistant Attorney General Yeagley* and *Kevin T. Maroney* for the United States. *John F. Davis* also for the United States in No. 8.

These two cases were set for argument on February 23 next. In the meantime there intervened the filing of the petition in No. 537, which we have just granted. Nos. 8 and 464 arose under the Smith Act (Act of June 25, 1948, c. 645, § 2385, 62 Stat. 808) and No. 537 under Title I of the Internal Security Act of 1950 (Act of September 23, 1950, c. 1024, 64 Stat. 987). However, some of the constitutional and statutory issues raised by these two enactments are clearly interrelated and their determination in the two former cases may affect their determination in the latter case and *vice versa*. Accordingly, the Court deems it important that these three cases be heard and considered together. Since the Court's calendar for the remainder of the Term precludes this, Nos. 8 and 464 are reset for argument on Monday, October 10, 1960, to be followed immediately by the argument in No. 537.

MR. JUSTICE CLARK, dissenting.

This order, coming as it does in mid-Term with five months of sessions yet remaining, is without precedent. It delays for another year decisions on two important Acts of the Congress—the Smith Act and the Internal Security Act of 1950.

Scales' case has already been on our active docket for five successive Terms and has twice been fully argued. Petition for certiorari was first granted during the October Term 1955, 350 U. S. 992, and the first oral argument was on October 10, 1956 (October Term 1956). The case was held under advisement until June 3, 1957, when it was put over to the October Term 1957 for reargument. At that time, on motion of the Solicitor General, it was remanded on a subsidiary issue in the light of our opinion in *Jencks* v. *United States,* 353 U. S. 657, decided in the interim. 355 U. S. 1. On retrial, Scales was convicted again and the Court of Appeals affirmed, 260 F. 2d 21. We granted certiorari again on December 15, 1958, in our October Term 1958. 358 U. S. 917. It was argued the second time in 1959, and in June, over my objection, 360 U. S. 925, was reset for the October Term 1959. It was then set for November 19, but was put over to February 23, 1960, when certiorari was granted in *Noto,* 361 U. S. 813. The argument in the October Term 1960 will be the third argument. I have found no appellate case in the history of the Court that has been carried on the active docket so many consecutive Terms or argued so often. Ten hours' argument time here will have been given to it alone. *Noto* admittedly involves the same issue as *Scales.* It has already been here two successive Terms and this order will make the third, placing it next to the unprecedented position occupied by *Scales.*

Likewise the *Communist Party* case, No. 537, has been argued here on the merits once before.[1] This case seeks

---

[1] *Communist Party* v. *Control Board.* 351 U. S. 115 (1956).

registration of the Communist Party under the Internal Security Act which was passed by the Congress in 1950. Four years ago this Court had full argument on it and remanded it to the Board for reconsideration of its factual determinations. I dissented from this action. 351 U. S., at 125.

Nor do the briefs in these cases raise any overlapping *constitutional* issues. As I read them, the only interrelation would be the effect on the Smith Act of § 4 (f) of the Internal Security Act.[2] Although Noto and the Communist Party have the same counsel, he has not pointed out any such overlapping or interrelation whatever, nor indicated in any way that the arguments should be set together. No such request has been made. In fact, by motion he has asked that the printed record used here on the previous argument in the *Communist Party* case be used again, as supplemented by the certified record made on remand. We have granted the petition for certiorari as well as this motion. This paves the way for argument in the case this Term. Available time could be had in late March to hear all three cases by merely switching other cases to the six-hour argument period of *Scales* and *Noto* now set for February 23. I think that this would be entirely appropriate. It would give the Communist Party some 60 days in which to prepare its briefs. This is ample time, since the issues in its case are the same as when the case was here before, the record for the most part is identical, and the lawyers who argued it then are handling the case again. Although in regular course the *Communist Party* case would not be reached until next Term, there is ample precedent for advancing the same and setting it in March. Likewise, if the argu-

---

[2] Sec. 4 (f). "Neither the holding of office nor membership in any Communist organization by any person shall constitute per se a violation of subsection (a) or subsection (c) of this section or of any other criminal statute. . . ."

ment in the *Scales, Noto,* and *Communist Party* cases were set in March it would leave three months before our adjournment in which to prepare the opinions. This appears to me more than ample, since the cases have been argued and considered here before.

But whether the *Communist Party* case is advanced or not, I think we should hear *Scales* and *Noto* this Term. Noto has the same counsel in his case as does the Communist Party in its, and in the argument of *Noto* counsel will certainly cover in detail his position on § 4 (f). Six hours are assigned to these cases this month. If the Party's position conflicts with *Scales* and *Noto,* he could present both positions, just as he would do next October in any event. In fact, as I have said, the interpretation of § 4 (f) is a subsidiary point in the *Communist Party* case, being covered in its brief by only three paragraphs, while it may be decisive in the *Scales* and *Noto* cases. Any overlap would not reach the constitutionality of either the Smith Act or the Internal Security Act.

For these reasons I dissent.